# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA CASE | § | |
| | § | |
| | § | |
| V. | § | NO. 3:15-CR-164-B |
| | § | |
| | § | |
| ELIZABETH UWAGBOI-UGBECHE (04) | § | |

## DEFENDANT ELIZABETH UWAGBOI-UGBECHE'S MOTION FOR DISCOVERY

TO THE HONORABLE JANE BOYLE JUDGE:

      Comes now the Defendant, ELIZABETH UWAGBOI-UGBECHE, by and through undersigned counsel and moves this honorable Court to order the Government to reveal to her any evidence that is exculpatory or favorable to her and any evidence that could lead to evidence that is exculpatory or favorable and in support thereof would show the Court as follows:

      A.    Any relevant written or recorded statements[1] made or adopted by the Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government; that portion of any written record containing the substance of any relevant oral statement made by the Defendant. Please also disclose the substance of any other relevant oral statement made by the Defendant whether before or after arrest.  *See* Fed. R. Crim. Proc. 16(a)(1)(A) and (B).[2] To clarify, we are aware of only one encounter between the Government and the Defendant in this matter which was when Agent Matt Kirk and Sgt. Charles Bond interviewed her on January 27, 2015 and we acknowledge that we have been given one report from that encounter and have been told that no recording was made of this encounter.

      B.    A copy of the Defendant's prior criminal record, if any.  *See* Fed. R. Crim. Proc. 16(a)(1)(D).

      C.    Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are related to the above referenced case, or are intended for use by the Government as evidence at trial, or were obtained from or belong to the Defendant.  *See* Fed. R. Crim. Proc. 16(a)(1)(E).

---

[1] The term "statements" as used throughout this Request includes any form of assertive conduct and is, therefore, not limited to verbal statements.

[2] This Request is also intended to cover the substance of Defendant's response to *Miranda* warnings if such warnings were given.  *See United States v. McElroy*, 697 F.2d 459 (2nd Cir. 1982).

D.      Any results or reports of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government, and which are related to the above referenced case or are intended for use by the Government as evidence at trial.  *See* Fed. R. Crim. Proc. 16(a)(1)(F).

E.      A complete written summary of testimony to be presented by any Government witness called as an expert witness including the witness' opinions, the basis and the reasons therefore, and his/her qualifications.  *See* Fed. R. Crim. P. 16(a)(1)(G).

F.      All evidence favorable to the Defendant which is material either to the issue of guilt or punishment in the above referenced case or which serves to impeach a Government witness who will testify in court.  *See generally Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).  This request includes, but is by no means limited to:

1.      The existence of any witness known to the Government who is favorable to the defense together with any and all statements made or adopted by that witness (whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government.

2.      Any statements made or adopted by any individual (including co–defendants) (whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government, which exculpate or do not mention the Defendant.

3.      Any and all evidence showing any bias, narcotic habit, psychiatric treatment, lack of competence, lack of impartiality, or criminal record, on the part of any witness the Government intends to call to testify at trial in the above referenced case.

4.      The results of any lie detector tests given to witnesses the Government intends to call to testify at trial in the above referenced case.

5.      Any promises, grants of immunity from criminal prosecution, rewards and inducements (financial or otherwise) offered (including a list of payments) or any threats of criminal prosecution made to any witness the Government intends to call to testify at trial in the above referenced case.

6.      Presentence investigation reports, if any, relating to any witness the Government intends to call to testify at trial in the above–referenced case.

7.      Any and all evidence about which the Government is now aware, or about which the Government may become aware by the exercise of due diligence that might indicate, however remotely, that another individual committed the offense(s) for which the Defendant now stands accused.  This

includes all evidence that the Government believes indicates that another individual committed the offense(s) in connection with the Defendant.

8.     Names and addresses of any witnesses to the offense(s) for which the Defendant now stands accused whose identity is now known, or by the exercise of due diligence may become known to the Government.

9.     Information regarding any indecisive, incomplete or hesitant identification of the Defendant by any witness to the offense(s) for which the Defendant now stands accused (regardless of whether the Government intends to call that witness to testify at trial).

10.     Any and all information that tends to detract from the credibility or probative value of the testimony and/or evidence that the Government anticipates it will present at trial or sentencing in the above referenced case.

11.     Any and all differences between information provided to the government by a cooperating witness and information provided to the government in a proffer made by that witness's attorney.  *See Spicer v. Roxbury Correctional Institute*, 194 F.3d 547 (4th Cir. 1999).

G.     Copies of any statements made or adopted by any alleged co–conspirator, co–defendant, or agent of the Defendant regardless of whether the Government intends to introduce these statements at trial.  Fed. R. Evid. 801(d)(2)E; Rule 16(a)(1)(A), F.R.C.P.

H.     The identity of any informant connected to the above referenced case who was a percipient witness to or participated in the alleged offense.  *See Roviaro v. United States*, 353 U.S. 53 (1957).  This would include, but is not limited to, the identities of informants who reported to the Government during their investigation and were labeled as CHS-1 and CHS-2. The Defendant also requests information regarding the present address of said informants; any prior criminal record of said informant; any bias, narcotic habit, psychiatric treatment, lack of competence, lack of credibility, lack of impartiality, or criminal record on the part of said informant; and any promises, rewards and inducements (financial or otherwise) offered or any threats of criminal prosecution made to said informant.

I.     Any statements made or adopted by witnesses which the Government intends to call to testify at any hearing (including a sentencing hearing) connected with the above referenced case, or notes made by said witnesses within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government.  *See* 18 U.S.C. Sec. 3500; Fed. R. Crim. Proc. 26.2.  This includes any statements made by a government witness while he or she was incarcerated and in the course of telephone conversations with government agents *or* others (*including their defense counsel*) that were tape recorded by the institution in which the witness was incarcerated.  *See United States v. Ramirez,* 174 F.3d 584 (5th Cir. 1999); *United v. Hatcher*, 323 F.3d 666 (8th Cir. 2003).

J.      Any and all evidence the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b).   The Defendant further requests a statement of the Government's theory of admissibility with respect to all such evidence.

K.      Facts and circumstances of the offense and offender characteristics that are relevant to the application of the Sentencing Guidelines.  *See* U.S.S.G. § 6B1.2, Commentary.

Defendant hereby requests that the Government comply with the above Requests or inform Defendant of the Government's intent not to comply on or before July 1, 2016, so that Defendant will be able to effectively prepare his defense.

Respectfully Submitted,

*/s/ Jeffrey C. Grass*
_____
Jeffrey C. Grass
State Bar No. 00787581
Jeffrey C. Grass & Associates
101 E. Park Blvd., Suite 107
Plano, TX 75074
Tel: (972) 422-9999
Fax: (972) 423-2646
Attorney for Defendant
Elizabeth Uwagboi-Ugbeche

*/s/ Paul T. Lund*
_____
Paul T. Lund
State Bar No. 24070185
900 Jackson Street
Founders Square
Suite 330
Dallas, Texas 75202
Phone: 214-871-4900
Fax: 214-613-1067
Attorney for Defendant
Elizabeth Uwagboi-Ugbeche

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion was delivered by ECF filing to Doug Brasher, the Assistant United States Attorney in charge of this case, on this the 27th day of June, 2016.

*/s/ Jeffrey C. Grass*
_____
JEFFREY C. GRASS

*/s/ Paul T. Lund*
_____
PAUL T. LUND


CERTIFICATE OF CONFERENCE

Prior to filing this motion undersigned counsel spoke with Doug Brasher, the Assistant United States Attorney in charge of this case. Mr. Brasher advised that the government is aware of the Court's pre-established deadline for responding to Defendant's pretrial motions and will respond accordingly.

*/s/ Jeffrey C. Grass*
_____
JEFFREY C. GRASS

*/s/ Paul T. Lund*
_____
PAUL T. LUND